IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES A. GRAENING | * | |
|     Petitioner | | |
|     v. | * | CIVIL ACTION NO. RWT-06-1758 |
| | | |
| CAPTAIN BUDDY POYNOR and | * | |
| THE ATTORNEY GENERAL OF THE | | |
|  STATE OF MARYLAND | * | |
| | *** | |

**MEMORANDUM OPINION**

Petitioner filed this 28 U.S.C. § 2254 Petition for Writ of Habeas corpus on July 12, 2006, challenging the one-year sentence imposed on April 13, 2006, for a violation of probation ("VOP"). Petitioner argues that the "charge that violated his probation is not under criminal code, incarcerable offense, therefore the one year sentence imposed is unjust and deprives him of his liberties." (Paper No. 1, Petition at 6, ¶ 15A & Attachment).  According to the Petition, the Office of the Public Defender filed an application for leave to appeal with the Court of Special Appeals of Maryland on May 3, 2006, and that application remains pending.[1]  (Id., Petition at 2-3).

Analysis

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court.  See Leonard v. Hammond, 806 F.2d 838, 840 (4th Cir. 1986).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  See O'Sullivan v. Boerckel, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings.

---

[1] The application for leave to appeal alleges Petitioner entered a guilty plea after he was improperly denied a continuance to obtain counsel, thus depriving him of the ability to present a number of arguments attacking the VOP charges and sentence. (Paper No. 1, Petition at Attachment).

See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 2001), cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. See O'Sullivan v. Boerckel, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state supreme court. *Id.* at 847.

Conclusion

Petitioner's sentence was imposed in April, 2006, and his application for leave to appeal, filed in May, 2006, remains pending. Clearly, Petitioner has not completed the direct appeal process and the claim raised here has not been fairly presented to the state courts. Consequently, the Petition is not subject to substantive review in federal court at this time.[2] See Rose v. Lundy, 455 U.S. 509,

---

[2] Petitioner seemingly asserts that he is now seeking federal court review because he will have served his VOP sentence by the time the state appellate process is completed. (Paper No. 1, Petition at Attachment). This possible circumstance does not excuse non-exhaustion as effective state corrective process remains available to Petitioner. See 28 U.S.C. § 2254(b). Maryland's appellate review procedures are not

521-22 (1982); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille v. Peoples, 489 U.S. 346, 349 (1989).

For the aforementioned reasons, the Court shall dismiss this Petition without prejudice for the failure to exhaust state court remedies. A separate Order shall be entered reflecting this decision.


Date:    7/17/06                                    /s/                    
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

---

inadequate for adjudication of his claims.